UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY BOWMAN | CIVIL ACTION |
| VERSUS | NO. 11-894 |
| MASSMAN CONSTRUCTION COMPANY | SECTION: "C" (4) |

### ORDER AND REASONS[1]

Before the Court is a Motion to Remand filed by Plaintiff, Troy Bowman ("Bowman"). (Rec. Doc. 11).  Defendant, Massman Construction Company ("Massman") opposes the motion. (Rec. Doc. 16).  Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is GRANTED for the following reasons.

### BACKGROUND

Plaintiff filed suit in state court seeking damages under the Jones Act, general maritime law and "savings to suitors" clause for personal injuries allegedly sustained on January 3, 2011, while working for Massman as an inspector of materials and constructed materials on a project involving the widening of the Huey P. Long Bridge over the Mississippi River.  (Rec. Doc. 1-1). In his state court petition, Bowman alleged that he was a Jones Act seaman working aboard a barge owned, operated and controlled by Massman at all relevant times.  On April 19, 2011, Massman removed to this Court based on diversity of citizenship, alleging that the Jones Act

---

[1]Greg Feeney, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this order.

claim contained in the state court petition was fraudulently pleaded to prevent removal.  (Rec. Doc. 1.).  After the Court ordered briefs on the issue of subject matter jurisdiction, this motion to remand was filed.[2]

## LAW

Jones Act suits are generally non-removable.  *Hufnagel v. Omega Servs. Indus., Inc.*, 182 F.3d 340, 345 (5th Cir. 1999).  The determination of whether a Jones Act claim has been alleged is generally limited to a review of the plaintiff's pleadings.  *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).  However, "defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal."  *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995) (internal quotations omitted).

Jones Act defendants can defeat remand by showing that claims against defendants are "'baseless in law'" and "'serve[] only to frustrate federal jurisdiction.'" *Lackey*, 990 F.2d at 207 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 239 F.2d 82, 85 (10th Cir. 1964)).  To defeat remand, defendants must meet the heavy burden of showing that there is no possibility that the plaintiff would be able to establish a cause of action under the Jones Act.  *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 434, 455 (2001).  Summary proceedings may be used to determine whether the claims are fraudulently made. *See Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999).  Remand is appropriate unless, after resolving all disputed questions of fact in the plaintiffs favor, there is no reasonable basis for predicting that the plaintiff might establish Jones Act liability. *See id.*

---

[2]The Court finds that the prerequisites for diversity jurisdiction have been established.

## ANALYSIS

In addition to the allegations of his pleadings, Plaintiff supports this motion with an affidavit containing statements that he was "employed as a seaman," spent 50-60% of his work hours with Massman on barges "positioned at varying locations on the Mississippi near the [bridge]," that the barges were "constructed and used to fabricate and transport equipment, materials, and persons to varying locations on the [river] near the [bridge]," that the some of the barges contained "lifesaving equipment," " picnic tables," bathrooms for employees, and that some of the barges moved "on a daily basis" while the remainder of the barges moved "two to three times per week" across the river "while loaded with equipment, materials, and persons, sometimes including [Bowman]."  (Rec. Doc. 11-3).   Plaintiff states he "could not have performed my job without the above referenced barges, as they were integral to the work we were performing, as was the transportation nature of such barges."  (Rec. Doc. 11-3).

Massman opposes the motion to remand with the declaration of Bowman's supervisor, David Preston ("Preston") and personnel material regarding Bowman.  (Rec. Doc. 16).  That declaration contains statements that Bowman was a "quality control/quality assurance technician" with duties "to inspect completed work on the bridge and its components, particularly the tightening of bolts, to ascertain whether installed bolts met with quality control specifications," that "flat deck stability barges were used as work platforms on which ... bridge sections/components were assembled or fabricated," that the barges were attached to the shore and accessible by walkway, that the barges were towed by several tugs when the section or component was completed aboard the barges, that the barges moved only three times during the project and only one time during Bowman's employment at which latter time, Bowman

"voluntarily" rode on the barge, and that the tugs "had their own crew, and the construction workers, such as Bowman, did not engage in any activity related to the tow, transportation, or movement of the barges."  (Rec. Doc. 16-3).

In general, to recover as a seaman under the Jones Act, Bowman must demonstrate an employment related connection to a vessel in navigation.  *Chandris Inc. v. Lastis*, 515 U.S. 347, 368 (1995).  Bowman has a sufficient employment related connection to a vessel if he can show (1) that his duties contributed to the function of the vessel or the accomplishment of its mission and (2) that his connection to the vessel in navigation or identifiable group of vessels was substantial in both duration and nature.  *Id*.  Massman first argues that the Court should not lend credence to the affidavit submitted by the plaintiff. (Rec. Doc. 16 at 7-8).  The Court disagrees with Massman's argument.  That affidavit is no more-self-serving than the Preston declaration submitted by Massman for present purposes.

Massman next argues that Bowman did not do "the ship's work" with regard to the first "threshold requirement" prong of the *Chandris* test and, although Massman acknowledges that "[i]t is not necessary that a seaman aid in navigation or contribute to the transportation of the vessel" under *McDermott Int'l, Inc. V. Wilander*, 498 U.S. 337, 355 (1991), it also focuses on the fact that the barges did not move when Bowman was aboard, except in one instance.  (Rec. Doc. 16 at 8-9).  The Court does not find this argument persuasive or that Bowman's allegations as to his employment relationship with the barges is  fraudulently made for present purposes.[3]

Next, Massman argues that Bowman can not meet  the second prong of the *Chandris* test requiring a connection to a vessel substantial in duration and nature because seaman status is not

---

[3]Massman does argue that the barges were not vessels.

conferred by merely working aboard a vessel or being aboard a vessel when injured. (Rec. Doc. 16 at 9). Massman argues that Bowman performed the same duties on the barges as he did on the bridge, his employment related to the bridge widening project, and he did not answer to a captain. (Rec. Doc. 16 at 9-10). The Court agrees with these arguments standing alone, but can not find that Bowman's claim is fraudulently plead under the facts presented. Instead, sufficient proof has been submitted to support the finding that Bowman's duties did lend to the function of the barges as they were being used by Massman in conjunction with the project.

Finally, Massman argues for the general proposition that construction worker on bridges are not seamen. (Rec. Doc. 16 at 12). The Court would welcome any clear and succinct rule of law to resolve the ongoing tension between categories of workers on such projects, but does not find adequate support for this proposition in the caselaw. In any event, the issue presented here is restricted by the Court's scope of review and presumptions on removal, along with at least some factual support that a majority of the plaintiff's work was performed on barges intended to be used as fabrication and transportation platforms.

Considering the heavy burden to prove fraudulent joinder, the defendant has failed to show fraudulent joinder or that there is no possibility for Bowman to recover under the Jones Act as a seaman. Remand is appropriate. The Court's finding with regard to seaman status is not intended to be binding in any way on any state court review of the issue.

## **CONCLUSION**

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand is GRANTED. (Rec. Doc. 11). This

matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 20th day of July, 2011.

	_____
	**HELEN G. BERRIGAN**
	**UNITED STATES DISTRICT JUDGE**